15-1103-cv
Campbell v. New York City Transit Authority

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
>
> JED S. RAKOFF,*
> > *District Judge.*

---

Collette Campbell,

> *Plaintiff-Appellant*,

> v.                                                                                  15-1103-cv

New York City Transit Authority,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:                         Collette Campbell, pro se, Bay Shore, NY.

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:               Robert K. Drinan, New York City Transit Authority, Brooklyn, NY.

Appeal from the judgment and order of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-Appellant Collette Campbell ("Campbell"), proceeding pro se, appeals from the judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*) granting summary judgment to Defendant-Appellee New York City Transit Authority ("Transit Authority") on her claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., as well as from the district court's subsequent order denying her request for reconsideration.

Campbell was employed by the Transit Authority from 1983 through her retirement in August 2011. Her claims stem primarily from two incidents in 2009 involving an employee she supervised, Jimmy Davenport, and the Transit Authority's response to those incidents, which included holding Campbell out of service and ultimately suspending her and Davenport. Campbell also challenges the Transit Authority's decision to oppose her workers' compensation claim stemming from the second incident, as well as its subsequent pursuit of disciplinary charges for abuse of sick leave policy. Campbell contends that she did not retire voluntarily, but rather that she was constructively discharged. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

We review grants of summary judgment de novo, *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013), and denials of motions for reconsideration for abuse of discretion, *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). All ambiguities must be resolved, and all reasonable inferences drawn, in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999).

## I.     Discrimination

Campbell's discrimination claims are governed by the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As is relevant here, to establish a prima facie case of gender discrimination under Title VII or age discrimination under the ADEA, Campbell had to demonstrate that she suffered an adverse employment action that occurred under circumstances suggesting discrimination. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (Title VII); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106–07 (2d Cir. 2010) (ADEA). Similarly, to establish a prima facie case of discrimination under the ADA, Campbell had to show, among other things, that she "suffered an adverse employment action because of [her] disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 156 (2d Cir. 2010) (internal quotation marks omitted). Further, for any of these claims, where the Transit Authority advanced a legitimate, non-discriminatory reason for its actions, it was Campbell's burden to rebut it. *Kirkland*, 760 F.3d at 225; *Gorzynski*, 596 F.3d at 106; *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2008).

3

The district court correctly held that Campbell failed to establish a material issue of fact as to discriminatory intent. "In determining whether a genuine issue of material fact exists for a trial, we are obliged carefully to distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (brackets and internal quotation marks omitted). Campbell's allegation that the Transit Authority held her out of service and suspended her—the only actions which qualify as adverse[1]—because of her sex, age, and/or disability are unsupported by the record, and constitute mere speculation as to the Transit Authority's motives.[2] Campbell has likewise failed to rebut the Transit Authority's legitimate, non-discriminatory reason for its actions, namely Davenport's written complaint against her.

## II. Hostile Work Environment

To establish a hostile work environment, Campbell had to demonstrate "(1) that [her] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of . . . her work environment, and (2) that a specific basis exist[ed] for imputing the conduct that created the hostile environment to" the Transit Authority. *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004) (internal quotation marks omitted).

---

[1] Despite Campbell's contention that the Transit Authority conceded, in response to a request for admission, that she was constructively discharged, the district court correctly declined to deem the admission dispositive given that the Transit Authority elsewhere specifically denied that Campbell's retirement was involuntary, and Campbell otherwise advanced no facts indicating that her work environment was sufficiently intolerable, or that the Transit Authority intentionally brought about the complained-of conditions, so as to establish a constructive discharge. *See Petrosino v. Bell Atl.*, 385 F.3d 210, 229 (2d Cir. 2004).

[2] Campbell has also failed to establish a discrimination claim for failure to accommodate a disability because she has offered no evidence that she ever requested an accommodation, or that such accommodation was denied. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96–97 (2d Cir. 2009).

4

"Isolated incidents usually will not suffice to establish a hostile work environment, although we have often noted that even a single episode of harassment can establish a hostile work environment if the incident is sufficiently 'severe.'" *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175–76 (2d Cir. 2012).

We agree with the district court that the two isolated incidents of harassment by Davenport that Campbell identified were insufficient to establish a hostile work environment because his alleged conduct was neither severe nor pervasive. Although Davenport's comments regarding Campbell's hair and gender were inappropriate, the record does not suggest they altered the conditions of her work environment so as to establish a claim. *See Petrosino*, 385 F.3d at 223 ("[W]e are mindful that Title VII does not establish a general civility code" and that "isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." (internal quotation marks omitted)).

### III. Retaliation

Campbell's retaliation claims are also subject to the *McDonnell Douglas* burden-shifting framework. As is relevant here, to establish a prima facie case of retaliation, Campbell had to demonstrate that there was a causal connection between an alleged adverse action taken by Transit Authority and her engagement in protected activity.[3] *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (Title VII); *Kessler v. Westchester Cty. Dept. of Social Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (ADEA); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (ADA).

---

[3] We recognize that Campbell's Title VII retaliation claim is subject to the higher "but-for" causation standard. *Zann Kwan v. Andalex Grp.*, 737 F.3d 834, 845 (2d Cir. 2013). We need not opine on whether her remaining retaliation claims are subject to the same standard, however, because there is no evidence of any causal connection between Campbell's protected activity and an adverse employment action.

5

Here, the district court correctly determined that Campbell failed to establish any causal connection between her alleged protected activity and a subsequent adverse employment action because she provided no evidence "that the allegedly adverse actions occurred in circumstances from which a reasonable jury could infer retaliatory intent." *See Treglia*, 313 F.3d at 720. The Transit Authority also offered legitimate, non-retaliatory reasons for its actions, including Davenport's written complaint, an investigation of Campbell and approximately 50 other supervisors that revealed systemic abuse of sick leave, and a belief that Campbell was not entitled to workers' compensation, each of which Campbell failed to rebut. *See El Sayed* v. *Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam).

We have considered Campbell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk